UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOHN H. WHITE,

                        Plaintiff,

      v.                                                      9:12-CV-1775
                                                                    (NAM/RFT)

PATRICIA L. WILLIAMS, et al.,

                        Defendants.

---

APPEARANCES:                                 OF COUNSEL:

JOHN H. WHITE
08-A-3366
Plaintiff, pro se
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. ERIC T. SCHNEIDERMAN          KEVIN M. HAYDEN, ESQ.
New York State Attorney General           Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

NORMAN A. MORDUE, Senior United States District Judge

## DECISION AND ORDER

### I. INTRODUCTION

Plaintiff John H. White commenced this action in forma pauperis by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983.[1] Dkt. No. 1 ("Compl."). The following claims survived the Court's sua sponte review pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b):

---

[1] Plaintiff has four other actions pending in this District. *See White v. Clark*, No. 9:12-CV-0986 (NAM/RFT); *White v. Williams*, No. 9:12-CV-1892 (GLS/ATB); *White v. Beilein*, No. 9:13-CV-0392 (GTS/CFH); and *White v. Gokey*, No. 9:14-CV-0002 (GLS/RFT).

(1) Eighth Amendment failure-to protect claims against defendants Thompson, Nichols, and Rock arising on January 7, 2010; (2) an Eighth Amendment excessive force claim against defendant Willett arising on June 8, 2010; (3) Eighth Amendment claims that defendants Dishaw, Williams, King, and MacWilliams incited other inmates to injure plaintiff; (4) the claim that defendants Oey, Rock, Greenizen, the Director of Classification and Movement for the New York State Department of Corrections and Community Supervision ("DOCCS"), Nason, Yaddow, Otis, Uhler, Lira, and Zerniak denied plaintiff protective custody in violation of the Eighth Amendment; (5) Eighth Amendment failure-to-protect claims against defendants Demers, C. Smith, King, and Nason; (6) an Eighth Amendment medical indifference claim against defendant Marlowe; and (7) plaintiff's claims against defendants Rock, Uhler, Zerniak, Otis, Fischer, and Roy in their supervisory capacity. *See* Dkt. No. 33 at 30-31.

Presently before the Court are plaintiff's motions for preliminary injunctive relief. Dkt. Nos. 124 (the "First PI Motion")[2] and 125 (the "Second PI Motion").[3] Plaintiff filed a supplemental submission in support of his Second PI Motion. Dkt. No. 127. Defendants oppose the First and Second PI Motions.[4] Dkt. Nos. 131, 133.

## II. DISCUSSION

Preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'"

---

[2] Plaintiff has filed this same motion in *White v. Williams*, No. 9:12-CV-1892 (GLS/ATB) and *White v. Beilein*, No. 9:13-CV-0392 (GTS/CFH).

[3] Plaintiff has filed this same motion in *White v. Clark*, No. 9:12-CV-0986 (NAM/RFT); *White v. Williams*, No. 9:12-CV-1892 (GLS/ATB); and *White v. Beilein*, No. 9:13-CV-0392 (GTS/CFH).

[4] As part of their opposition, defendants ask the Court to impose sanctions against the plaintiff, in the form of an anti-filing injunction or bar order. Dkt. No. 131 at 2; Dkt. No. 133 at 2. Defendants assert that sanctions are necessary because plaintiff has filed multiple motions for preliminary injunctive relief and has been "uncooperative" with defense counsel. *Id.* Defendants' request for sanctions is denied.

*Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit. *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35, 38 (2d Cir. 2010). To prevail on a motion for preliminary injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *Id.* at 35; *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d Cir. 2011). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. *Id.*; *see also Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996). Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted); *see also Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (a plaintiff seeking a mandatory injunction must make a "clear" or "substantial" showing of a likelihood of success on the merits of his claim). The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order. *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Perri v. Bloomberg*, No. 06-CV-403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008). The district court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore*, 409 F.3d at 511. "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse

the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted).

"The Second Circuit has defined 'irreparable harm' as 'certain and imminent harm for which a monetary award does not adequately compensate,' noting that 'only harm shown to be non-compensable in terms of money damages provides the basis for awarding injunctive relief.'" *Perri*, 2008 WL 2944642, at * 2 (citing *Wisdom Import Sales Co., L.L.C. v. Labatt Brewing Co., Ltd.*, 339 F.3d 101, 113-14 (2d Cir. 2003)); *see also Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) ("To establish irreparable harm, a party seeking preliminary injunctive relief must show that there is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation." (internal quotation omitted)).

In his First PI Motion, plaintiff alleges that "officers attempted to murder [him] on 12/1/10 & have staged various violence against [him]." Dkt. No. 124 at 1. Plaintiff also alleges that he has "medical needs!" *Id*. Although not entirely clear, construing his submission liberally, plaintiff may request a court order to protect him from future violence and directing that he receive medical care. *Id*. Defendants oppose the First PI Motion, noting that plaintiff filed three previous motions for preliminary injunctive relief, which were denied by this Court's January 9, 2014 Decision and Order. *Id*. Defendants also assert that the First PI Motion does not make a specific request for relief and contains no facts to suggest that plaintiff is in imminent danger. Dkt. No. 131 at 1.

In his Second PI Motion, plaintiff alleges that he fears for his safety because other inmates have threatened violence against him. Dkt. No. 125 at 1-2. Plaintiff requests a Court

4

order directing that he be placed in a single cell for his safety. *Id.* at 2. Defendants oppose the Second PI Motion, noting again plaintiff's many previous motions for preliminary injunctive relief, asserting that the motion is "a rambling list of issues that are unrelated to his Complaint," and arguing that plaintiff has failed to provide facts to demonstrate that he is in immediate danger. Dkt. No. 133.

Construing plaintiff's First and Second PI Motions in the light most favorable to him as a pro se plaintiff, the Court finds that he has failed to substantiate any allegations of irreparable harm with evidence in admissible form or to demonstrate, with evidence, a likelihood of success on the merits of his underlying claims, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *See Ivy Mar Co. v. C.R. Seasons Ltd.,* 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Res., Inc.,* 792 F. Supp. 924, 928 (S.D.N.Y.1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals.").

Insofar as the Second PI Motion seeks a Court order directing that plaintiff be housed in a single cell, the law is clear that an inmate does not have a right to be confined to the prison of his own choosing or to a particular type of housing. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (inmates have no right to be confined in a particular state or particular prison within a given state); *Montayne v. Haymes*, 427 U.S. 236, 243, 96 S.Ct. 2543, 2547 (1976) (New York state prisoners have no right to incarceration at a particular prison facility); *Klos v. Haskell*, 835 F. Supp. 710, 723 (W.D.N.Y. 1993), *aff'd*, 48 F.3d 81 (2d Cir. 1995) (citing cases). Moreover, DOCCS has "broad leeway in deciding where to house the inmates under its protective care, be it state or county jail." *McFadden v. Solfaro*, Nos. 95 Civ. 1148,

95 Civ. 3790, 1998 WL 199923, at *10 (S.D.N.Y. Apr. 23, 1998); *see also Meachum v. Fano*, 427 U.S. 215, 229 (1976) ("The federal courts do not sit to supervise state prisons, the administration of which is acute interest to the states").  Thus, plaintiff's request for transfer to a particular type of cell is denied.

Accordingly, plaintiff's First and Second PI Motions are denied in their entirety.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motions for preliminary injunctive relief (Dkt. Nos. 124, 125) are **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: April 28, 2014
Syracuse, NY

Norman A. Mordue
Senior U.S. District Judge