**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JOHN WHITE aka JOHN H. WHITE,

                      Plaintiff,

        - v -                                    Civ. No. 9:12-CV-1775
                                                        (NAM/RFT)

PATRICIA L. WILLIAMS, *et al.*,

                      Defendants.

**APPEARANCES:**                                  **OF COUNSEL:**

JOHN WHITE
Plaintiff, *Pro Se*
08-A-3366
Upstate Correctional Facility
P.O. Box 2001
309 Bare Hill Road
Malone, New York 12953

HON. ERIC T. SCHNEIDERMAN              KEVIN M. HAYDEN, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## DECISION and ORDER

*Pro se* Plaintiff John White initiated this civil rights action, pursuant to 42 U.S.C. § 1983, on December 4, 2012, naming over forty individuals as Defendants, all of whom were employees of the New York State Department of Corrections and Community Supervision ("DOCCS"). Dkt. No. 1, Compl. On July 11, 2013, the Honorable Norman A. Mordue, Senior United States District Judge, performed an initial screening of the Complaint, pursuant to 28 U.S.C. §§ 1915 and 1915A, and *sua sponte* dismissed several causes of action and several Defendants due to Plaintiff's failure

to state a claim upon which relief could be granted and/or because such claims were duplicative of claims already presented to the Court in one of White's other lawsuits.[1] Dkt. No. 33. Judge Mordue also denied Plaintiff's multiple Motions for Preliminary Injunctive relief and directed that service be effectuated on the remaining Defendants. *Id*.

Prior to the issuance of Judge Mordue's July 2013 Decision and Order, Plaintiff had inundated the Clerk of the Court by submitting filing after filing, including, but not limited to, multiple Inmate Authorization Forms (Dkt. Nos. 4 & 7), Motions for Leave to Proceed *In Forma Pauperis* (Dkt. Nos. 3 & 6), Motions for Injunctive Relief with supporting papers/affidavits (Dkt. Nos. 5, 9, 10, 11, 14, 16, 17, 21, 23, & 24), and other miscellaneous letters seeking, *inter alia*, free copies of documents and generally complaining about his prison conditions (Dkt. Nos. 8, 12, 13, 15, 18, 19, 20, 22, 25, 26, 27, 28, 29, & 30). Sadly, and much to the Court's chagrin, this practice of multiplicatus filing has persisted not only in this matter, but in other matters Mr. White currently has pending before the Court. *See supra* note 1. In fact, in another action wherein the undersigned presides as the assigned Magistrate Judge, the Plaintiff's filings became so onerous that the Court had to issue an Order directing the parties to first seek Court permission before filing anything further in that case and further directing the Clerk of the Court to strike any unauthorized filings. *See White v. Clark, et al.*, Civ. No. 9:12-CV-986 (NAM/RFT), at Dkt. No. 202. Lamentably, Plaintiff's hyper-active filings in this current case have persisted and it is this Court's opinion that White's prolific filing in this action has exceeded problematic proportions and has effectively stymied the Court's ability to oversee the progression of his cases.

---

[1] Currently, Plaintiff has five civil rights actions pending in this District. *See White v. Clark*, Civ. No. 9:12-CV-0986 (NAM/RFT); *White v. Williams*, 9:12-CV-1775 (NAM/RFT); *White v. Williams*, Civ. No. 9:12-CV-1892 (GLS/ATB); *White v. Beilein*, Civ. No. 9:13-CV-0392 (GTS/CFH); & *White v. Gokey*, 9:14-CV-0002.

On November 7, 2013, after Defendants joined issue, a Mandatory Pretrial Discovery and Scheduling Order was issued by the Court setting the discovery deadline for May 3, 2014, and the dispositive motion filing deadline for August 1, 2014. Dkt. No. 104. That Order directs the automatic exchange of certain discovery by the parties, wherein the type of disclosures that have to be exchanged depend upon the specific cause of action in the case. The Order also grants the Defendants permission to take the Plaintiff's deposition. *Id.* In the six months that have elapsed since the issuance of that Order, this Court has received roughly thirty-nine submissions from Plaintiff, most of which centered around his security concerns at his facility. Dkt. Nos. 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 119, 121, 122, 123, 124, 125, 126, 127, 128, 129, 132, 134, 135, 136, 137, 139, 140, 143, 144, 147, 148, 149, 150, 151, 152, 153, 154, 155, & 156. Of these filings, there are currently several pending Motions that need to be addressed. Dkt. Nos. 136, 139, 146, 147, 149, 150, & 154. Complicating the Court's ability to address Plaintiff's issues is the fact that many of Plaintiff's submissions list more than one pending case number in the caption. *See* Dkt. Nos. 140, 143, 144, 147, 148, 152, 153, 154, 155, & 156. This practice is not acceptable to the Court and places far too great of an onus on the Court to attempt to sift through and differentiate which of Plaintiff's complaints and requests apply to any particular case. To the extent practicable, the Court will attempt to address Plaintiff's requests. However, the Plaintiff is hereby instructed that any motion or other papers purporting to relate to more than one action will be stricken. All papers filed by Plaintiff shall be directed to the issues raised in one action only, and shall be filed only in that action.

In several submissions to the Court, Plaintiff complains that Defendants have not been participating in discovery and moved to compel responses to his discovery demands and seeks

permission to call counsel directly. Dkt. Nos. 135, 139, 142, & 150;[2] *see also* Dkt. No. 155 at ¶ 11 (complaining that, *inter alia*, Defendants' counsel won't take his offer to settle discovery through telephone conferences). Yet, by Letter, dated April 18, 2014, Plaintiff advised the Court and opposing counsel that he would no longer accept service of any papers from the Court or counsel for fear that his cellmate would destroy them. Dkt. No. 144. Concomitantly, Plaintiff complains that the facility is interfering with and withholding legal mail from him. Dkt. No. 152. But, despite his declaration of intention to refuse legal mail, by Letter, dated April 30, 2014, Plaintiff acknowledges receipt of 761 pages of documents responsive to his discovery demands. Dkt. No. 151. Plaintiff has filed numerous Letters complaining solely about his current prison conditions and about his fear that his cellmate, a member of a gang, will destroy his legal papers, thus explaining why Plaintiff cannot litigate this and other actions pending in this Court. By these Letters, Plaintiff asserts that the Court and Defendants' counsel have acquiesced to the clear dangers posed to him and therefore should be held accountable. He seeks a court conference, a stay of this action, and some type of order from the Court dictating where and with whom he would be housed during his tenure with DOCCS. Dkt. No. 147, 148, 149, 151, & 155. Then, by Letter, dated May 5, 2014, Plaintiff informed the Court that he is no longer concerned about his cellmate and asks that Defendants' counsel be directed to provide copies of "any & all legal papers [mailed to Plaintiff] pertaining to [his pending cases] which may have been forwarded on or around April 2014 and

---

[2] Most of Plaintiff's discovery complaints are non-specific, with the exception of his Motion to Compel filed on March 21, 2014. Dkt. No. 136. Therein, Plaintiff generally complains about the responses he got to his Request for Admissions. Plaintiff generally decries the responses as improper and asserts that he sought responses from each Defendant. *Id.* Although Plaintiff did not provide the Court with a copy of his discovery demand, he provided a copy of the responses provided by Defendants' counsel wherein there are several objections lodged due to the fact that the Request for Admissions had apparently been addressed to all Defendants, and not to any one Defendant individually. Defendants responded to Plaintiff's Motion to Compel, and other letters regarding discovery gripes. Dkt. No. 142.

rejected by [Plaintiff] due to fears" that his cellmate may "potentially" attempt to "take such documents . . . due to his gang affiliation." Dkt. No. 154.

Hereinbelow are the Court's Rulings with regard to Plaintiff's multifarious requests for relief:

**1) Dkt. No. 136** – Plaintiff's Motion to Compel is **denied**. The Defendants' response to the Request for Admissions are proper. Requests for admissions directed to multiple Defendants are improper. Plaintiff may seek admissions from Defendants, but each admission sought may only be addressed to one Defendant at a time.

**2) Dkt. No. 139** – Plaintiff's Request for a Court conference to establish a discovery time-line is **denied**. The Court issued an Order setting a deadline for the completion of all discovery. The Court will not micromanage the parties and dictate the orderly progression of discovery exchanges, and the parties are directed to confer with each other in good faith with an aim toward resolving all discovery disputes before involving the Court. The Court will not direct Defendants' counsel to correspond with Plaintiff *via* telephone, nor will it interfere with DOCCS's security purview in dictating whom Plaintiff may correspond with by telephone.

**3) Dkt. Nos. 147 & 149** – To the extent Plaintiff's Letter-Motions seek a stay and court conference to address his housing situation, such requests are **denied**. Because Plaintiff's Letter, received on May 1, 2014, lists all of his pending actions, it is unclear what other relief is specifically being sought in this case and is therefore **denied** as inadequate. But, in any event, this Court does not have any jurisdiction to resolve White's current housing situation. The purview of inmate housing rests solely within DOCCS's province.

**4) Dkt. No. 150** – Plaintiff's Motion to Compel, seeking responses to unspecified discovery

demands and sanctions in the form of attorney fees, is **denied**. Plaintiff has not provided the Court with enough information regarding his request to compel, let alone why the Court should sanction Defendants' counsel. Furthermore, to the extent this Motion relates to Plaintiff's prior Motion to Compel (Dkt. No. 136), it is **denied** for the reasons stated above.

**5) Dkt. No. 154** – Plaintiff's Motion for Miscellaneous Relief is **granted in part and denied in part**. As noted above, Plaintiff unilaterally decided that he would no longer accept mailings from the Court and opposing counsel. Regardless of his underlying intentions seeking to preserve the integrity of his legal mail, such action was blatantly improper. And yet, despite such declaration, Plaintiff acknowledges receipt of 761 pages of documents from opposing counsel, Dkt. No. 151, but is nevertheless asking that the Assistant Attorney General be directed to re-mail any and all mailings that may have been refused. And he asks the Court to admonish opposing counsel for delays in this action. Contrary to Plaintiff's supposition, any delays that have occurred in this action have been due to his vexatious filing and self-inducing, non-court sanctioned stay of this action by virtue of his failure to accept legal mail. Nevertheless, to the extent practicable, Defendants' counsel shall remail to Plaintiff all mailings sent during April 2014 that were returned based upon Plaintiff's refusal of the mailing. This does not include providing again the 761 pages of discovery of which White has acknowledged receipt. Because Plaintiff's Letter-Motion lists all of his pending actions, it is unclear what other relief is specifically being sought in this case and therefore, the remaining requests are **denied** as inadequate.

**6) Dkt. No. 146** – Defendants' Letter-Motion seeking an extension of the discovery and motion filing deadline is **granted** and the deadlines are extended as follows: **Discovery is due by August 14, 2014; Dispositive Motions are to be filed on or before October 14, 2014**.

And it is further

**ORDERED**, that Plaintiff may not file any further submissions in this action without first seeking Court permission. The Clerk of the Court is directed to file and then strike any unauthorized filings; and it is further

**ORDERED**, that when submitting documents to the Court in this case, Plaintiff may only list this action in the caption and the entire filing must pertain solely to this action and not to any other pending action Plaintiff has in this Court. The Clerk of the Court is directed to file and strike any document received by Plaintiff that contains more than one civil action number; and it is further

**ORDERED**, that the parties make every effort to collaborate in good faith in the exchange of discovery and try to resolve all discovery disputes amongst themselves prior to seeking Court intervention; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on the Plaintiff by certified mail, return receipt requested.

**IT IS SO ORDERED.**

Date: May 14, 2014
       Albany, New York

Randolph F. Treece
U.S. Magistrate Judge